IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY WAYNE WEAKLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Civil Action No. 2:19cv162-MHT |
| | )            [WO] |
| STEVEN T. MARSHALL, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Timothy Wayne Weakley ("Weakley) on March 2, 2019.  Doc. No. 1.  Weakley challenges the sentence imposed upon his 2017 guilty plea conviction in the Lauderdale County Circuit Court for the offense of third-degree theft of property.   In particular, Weakley takes exception to the restitution ordered by the trial court as part of his sentence.

## DISCUSSION

Title 28 U.S.C. § 2241(d) provides:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).  Thus, a petition for writ of habeas corpus under 28 U.S.C. § 2254 should be filed either in the federal district court for the district of the state court where the

petitioner was convicted and sentenced or the federal district court for the district of the state where the petitioner is incarcerated when filing the petition.

Weakley was convicted and sentenced in Lauderdale County, Alabama. Lauderdale County is located within the federal judicial district of the United States District Court for the Northern District of Alabama. When he filed his petition, Weakley was residing in the State of Tennessee and serving the probationary part of his sentence imposed by the Lauderdale County Circuit Court. Consequently, this court does not have jurisdiction to entertain Weakley's § 2254 petition. Further, since the records and witnesses relating to Weakley's conviction and sentence are likely to be located in the district of his conviction, it appears that venue for Weakley's petition is appropriate in the federal district court for the district of the state court where he was convicted and sentenced.[1]

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Weakley is proceeding *pro se* and seeks § 2254 habeas corpus relief, this court believes it would be in the interest of justice to transfer Weakley's case to the United States District Court for the Northern District of Alabama under § 1631.[2]

## CONCLUSION

---

[1] Weakley maintains that this court has venue over his petition under § 2241(d) because Alabama Attorney General Steve Marshall "is domiciled within the geographical purview of the Middle District of Alabama." Doc. No. 2 at 2. However, nothing in § 2241(d) provides that venue or jurisdiction in a habeas proceeding is determined by where the state attorney general is domiciled.

[2] A decision on Weakley's motion for transfer of venue to the Eastern District of Tennessee (Doc. No. 3) is reserved for ruling by the United States District Court for the Northern District of Alabama.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 25, 2019.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 11th day of March, 2019.


  /s/  Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE